**FIVE STAR SUPPLY COMPANY, Appellee,**

v.

**RINELLA; North Coast Interiors, Inc., Appellant.**

[Cite as *Five Star Supply Co. v. Rinella* (1993), 88 Ohio App.3d 303.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64608.

Decided June 21, 1993.

*Arlene M. Cohen*, for appellee.

*James M. Lyons*, for appellant.

*Per Curiam.*

Defendant-appellant North Coast Interiors, Inc. ("North Coast") appeals from the lower court's grant of plaintiff-appellee's Five Star Supply Company's ("Five Star") request for garnishment of North Coast's bank account.

Five Star was a judgment creditor of Louis M. Rinella, d.b.a. North Coast, in the amount of $6,196.10 plus interest for services provided by Five Star to North Coast.

Rinella and North Coast failed to appear in the within action and the court thereafter, pursuant to Five Star's Civ.R. 55 motion, granted a default judgment.

The court then ordered the garnishment of North Coast's bank account, which was held at Star Bank.

Pursuant to R.C. 2716.13, Rinella requested a mandatory hearing on the order of garnishment. Rinella disputed Five Star's right to garnish the bank account

on the basis that the subject bank account was the property of a corporation not owned by Rinella. Rinella also contended that *he* was the debtor of Five Star, not the corporation, North Coast. He averred that the debts to Five Star were incurred by a former business called North Coast Interiors, a sole proprietorship owned by Rinella. Therefore, the court erred in ordering the garnishment of funds from North Coast, the corporation which was formed *after* the debts were incurred by Rinella.

Five Star filed a motion to release the funds held by the court pursuant to its order of garnishment.

In its motion, and at the hearing, Five Star countered by arguing that (1) Rinella was the alter ego of North Coast, the corporation, even though he is not listed on the incorporation papers as the owner, and (2) the corporate veil should be pierced in this instance to hold Rinella liable for the debts of the former North Coast Interiors prior to its subsequent incorporation.

The lower court agreed and released the attached funds to Five Star. North Coast appeals and assigns one error for our review:

"The trial court erred as a matter of law when it released the garnished funds to the plaintiff-appellee and did not order that the funds be returned to the third party defendant-appellant or in the alternative set the matter for a trial or hearing on the issue of the ownership of the funds."

I

The basic principles of the alter ego doctrine in Ohio were set forth in *Bucyrus–Erie Co. v. Gen. Products Corp.* (C.A.6, 1981), 643 F.2d 413. The corporate fiction should be disregarded when: "(1) domination and control over the corporation by those to be held liable is so complete that the corporation has no separate mind, will, or existence of its own; (2) that domination and control was used to commit fraud or wrong or other dishonest or unjust act, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. * * * " *Id.* at 418. The factors to be considered in determining when the above principles should be applied include the observance of corporate formalities, undercapitalization, fraud or the result of unjust or inequitable consequences in the event the corporate fiction is retained. *Id.* at 418–419.

In this case, the record reveals Rinella exercised domination and control of North Coast. Rinella is the secretary of North Coast, serves as a director of the corporation and pays the bills and handles all other bookkeeping functions for North Coast. Rinella attempts to shield himself from liability by arguing that one Patricia Morris is the sole owner of North Coast and is the only possible person that could be held personally liable. However, a closer review of the

record not only reveals Rinella's domination and control over North Coast, but further reveals that Morris is Rinella's live-in girlfriend. Morris claims no experience in the construction industry in which North Coast is directly involved. These aforementioned facts serve to satisfy the second prong of the alter ego doctrine, *viz.*, that domination and control was used to commit a wrong or other dishonest act. The record reflects that unsatisfied debts to creditors remained when Rinella's North Coast Interiors, a sole proprietorship with Rinella as owner, ceased doing business. He then formed a corporation in which his girlfriend, Morris, is the record owner. By so doing, Rinella has attempted to circumvent his debt obligations incurred by his former business. This unjust act resulted in loss to Five Star, thus satisfying the final prong of the alter ego doctrine.

Moreover, the lower court correctly concluded that North Coast, the corporation, was indeed responsible for the debts incurred by Rinella and Rinella's former business, North Coast Interiors, as the former was merely a continuation of ongoing business of the latter.

Accordingly, in this instance, recognition of corporateness would produce unjust results.

Ergo, the assignment of error is overruled.

*Judgment affirmed.*

PATTON, P.J., BLACKMON and NUGENT, JJ., concur.